FILED
MAY 13 2014
CLERK, U.S. DIST... ...OURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

V.

JOHN SLATTERY (1) and
PATRICK SHERIDAN (2)

Defendant.

INDICTMENT

Cr. No. __W14CR108__

T. 16 U.S.C. §§ 1538(a)(1)(E) and (F),
1540(b)(1), 1540(e)(4), 3372(a)(1),
3372(d)(2), 3373(d)(1)(B), 3373(d)(3)(A)
and 3374(a); T. 18 U.S.C. §§ 371, 2

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. JOHN SLATTERY and PATRICK SHERIDAN (referred to collectively as "Defendants"), were Irish Nationals residing in Rathkeale, Republic of Ireland.

2. The Endangered Species Act ("ESA"), Title 16, United States Code, Sections 1531 et seq., was enacted to provide a program for the conservation of endangered and threatened species. The term "endangered species" means any species, or part thereof, which is in danger of extinction throughout all or a significant portion of its range. 16 U.S.C. § 1532(6). All species determined to be endangered under the ESA are listed in Title 50, Code of Federal Regulations, Section 17.11. Black rhinoceros, *Diceros bicornis*, is listed as an endangered species pursuant to the ESA.

3. The term "fish or wildlife" means any member of the animal kingdom, including without limitation any mammal, fish, bird, amphibian, reptile, mollusk, crustacean, arthropod, or other invertebrate, and includes any part, product, egg, or offspring thereof, or the dead body or parts thereof. 16 U.S.C § 1532(8).

4. The ESA makes it unlawful to knowingly deliver, receive, carry, transport, or ship in interstate or foreign commerce, by any means whatsoever and in the course of a commercial activity, any endangered species of fish and wildlife. 16 U.S.C. §§ 1538(a)(1)(E) and 1540(b)(1). The ESA also makes it unlawful to knowingly sell and offer to sell endangered species of fish and wildlife in interstate and foreign commerce, as set forth in Title 16, United States Code, Sections 1538(a)(1)(F) and 1540(b)(1).

5. Title 16, United States Code, Section 3372(a)(1), a provision in the Lacey Act, makes it unlawful for a person to transport or sell in interstate or foreign commerce any fish or wildlife that was sold or transported in violation of or in a manner unlawful under a law or regulation of the United States.

6. Title 16, United States Code, Section 3372(d), a provision in the Lacey Act, makes it unlawful for a person to make or submit a false record, account or identification of wildlife that has been or is intended to be transported, sold, purchased or received from any foreign country, or transported in interstate or foreign commerce.

7. The Black rhinoceros is a species of prehistoric origin. Black rhinoceros are an herbivore whose survival is threatened by illegal hunting resulting from the international demand for rhinoceros horn, which is prized in some cultures for its alleged medicinal value or for its use as carved art objects.

COUNT ONE
(Conspiracy to Commit Wildlife Trafficking)

8. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

9. On or about and between September 2010 and January 2011, both times being approximate and inclusive, within the Western District of Texas and elsewhere, Defendants JOHN SLATTERY and PATRICK SHERIDAN, together with others, did knowingly and intentionally conspire to:

   a. Transport and sell horns from endangered Black rhinoceros with a market value greater than $350, knowing that the horns were sold, and received, in interstate commerce and in the course of a commercial activity, in violation of the Endangered Species Act (16 U.S.C. §§ 1538(a)(1)(E) and (F)), all in violation of Title 16, United States Code, Sections 3372(a)(1), 3373(d)(3)(A);

   b. Make and submit a false record, account and false identification of wildlife with a market value greater than $350, and said wildlife had been, and was intended to be transported in interstate and foreign commerce, in violation of Title 16, United States Code, Section 3372(d)(2) and 3373(d)(1)(B).

**Means & Manner**

The Defendants and their co-conspirators sought to accomplish the objects of the conspiracy through the following methods and means, among others:

10. The Defendants and their co-conspirators both known and unknown to the Grand Jury (collectively referred to herein as "the conspirators") traveled to the United States and, while they were in the United States, traveled to several different states to purchase, transport, and then sell horns from Black rhinoceros.

11. While in the United States, the conspirators opened bank accounts at United States' banks, in which to receive funds used to purchase horns, and into which they deposited proceeds from the sale of horns.

12. While in the United States, the conspirators created and aided and abetted in the creation of false documents, records, and accounts of the horns that they purchased and sold.

13. The conspirators offered horns for sale to potential buyers in person, as well as through electronic mail.

## OVERT ACTS

In furtherance of the conspiracy and to effect its objectives, within the Western District of Texas and elsewhere, the Defendants, along with others, committed and caused to be committed, among others, the following:

    a. On or about and between April 2010 and November 2010, the Defendants, along with Michael Slattery, Jr., purchased one Black rhinoceros mount for $10,000 from a taxidermist, located in Joshua, Texas.

    b. On or about September 20, 2010, Defendants, along with Michael Slattery, Jr., traveled from London, England, to Houston, Texas.

    c. On or about September 21, 2010, Michael Slattery, Jr. deposited approximately $5,423 into a Bank of America savings account in Austin, Texas.

    d. On or about September 21, 2010, the Defendants, along with Michael Slattery, Jr., visited a taxidermy auction house, located in Austin, Texas ("Texas Auction House"), and attempted to purchase, not through an auction, the taxidermied head of a Black rhinoceros bearing two horns.[1]  The Defendants and Michael Slattery, Jr., were unable to make the purchase because the Texas Auction House required proof that they resided in the State of Texas (and thus that the sale would not be an interstate sale prohibited under the ESA), which proof the Defendants and Michael Slattery, Jr., lacked.

---

[1] Black rhinoceros have 2 horns located on the front of their head, the front horn being longer.

e.   On or about September 22, 2010, SLATTERY rented a storage unit in Joshua, Texas.

f.   On or about September 23, 2010, Michael Slattery, Jr. received a wire transfer in the amount of approximately $8,000 from a foreign bank account into his bank account in Austin, Texas.

g.   On or about September 23, 2010, Michael Slattery, Jr. made two separate cash withdrawals, in the amounts of $8,000 and $5,000 from the same account at which he had received the above-mentioned deposit, at a Bank of America branch in Austin, Texas.

h.   On or about September 23, 2010, the Defendants, along with Michael Slattery, Jr., accompanied a day laborer who lived in Texas (hereinafter, "Straw Buyer") into the Texas Auction House. While inside the Texas Auction House, Straw Buyer provided his Texas driver's license to an employee of the Texas Auction House and handed the employee $18,000 in cash in exchange for a Black rhinoceros mount, which held two horns.

i.   On or about September 23, 2010, upon the purchase of the Black rhinoceros mount, in the presence of the Defendants, the employee of the Texas Auction House had Straw Buyer sign an Endangered Species Bill of Sale[2], dated September 23, 2010, stating that Straw Buyer was the buyer of one Black rhinoceros mount. The Endangered Species Bill of Sale also stated as follows:

> Seller expressly states that the described taxidermy is an endangered species and that interstate or foreign sales, barter and trade are strictly prohibited. . . pursuant to [the Endangered Species Act]. Buyer has expressly stated that he/she is a current resident of the State of Texas and has no intention of participating in any form of interstate commerce involving the described taxidermy.

---

[2] The Endangered Species Bill of Sale is an unofficial document created by the Auction House that is provided to customers who purchase endangered species. The document alerts buyers that the interstate sale of such species is prohibited.

5

The employee of the Texas Auction House removed the horns from the rhinoceros mount in the presence of the Defendants and Straw Buyer. The employee of the Texas Auction House then handed the removed horns to Straw Buyer. The remainder of the rhinoceros mount, minus the horns, was left at the Texas Auction House.

j. On or about September 24, 2010, SLATTERY registered an "Absentee Bid Form" with an auction house in Macon, Missouri ("Missouri Auction House"), which included SLATTERY'S address in Ireland and two lot numbers with the description "rhino horn."

k. On or about October 9, 2010, SLATTERY gave three pairs of horns from White rhinoceros and two pairs of horns from Black rhinoceros to the Missouri Auction House.

l. On or about October 18, 2010, SHERIDAN opened an account at a branch of Bank of America in Austin, Texas.

m. On or about November 14, 2010, SLATTERY, along with Michael Slattery, Jr. offered to sell four Black rhinoceros horns to an individual in New York (hereinafter "New York Buyer") at a private residence in Manhattan, New York.

n. On or about November 14, 2010, SLATTERY sent an email to New York Buyer that included photographs of the four Black rhinoceros horns, as well as the dimensions and weights of the horns.

o. On or about November 16, 2010, the Defendants along with Michael Slattery, Jr. sold four Black rhinoceros horns to New York Buyer at a tea house in Flushing, New York, for $50,000. The Defendants and Michael Slattery, Jr., provided New York Buyer with a false and fictitious Endangered Species Bill of Sale, dated August 14, 2010,

6

for "2 Black rhinoceros mounts" and bearing a "U.S. Fish & Wildlife Service" emblem. Upon information and belief, the Endangered Species Bill of Sale is an altered copy of the Endangered Species Bill of Sale, dated September 23, 2010, that Straw Buyer signed on or about September 23, 2010, in connection with the purchase of one Black rhinoceros mount from the Auction House, which did not include a "U.S. Fish & Wildlife Service" emblem. During this transaction, SLATTERY provided New York Buyer with a "Michael Slattery & Sons" business card with the name "Michael Slattery," and address "Smithy-Fen, Cottenham, Cambridge CB24 8PT."

    p. On or about November 16, 2010, SLATTERY accepted and received a cashier's check from New York Buyer in the amount of $12,500 as partial payment for the four Black rhinoceros horns.

    q. On or about November 16, 2010, Michael Slattery, Jr. accepted and received a cashier's check from New York Buyer in the amount of $12,500 as partial payment for the four Black rhinoceros horns.

    r. On or about November 16, 2010, SHERIDAN accepted and received a cashier's check from New York Buyer in the amount of $25,000 as partial payment for the four Black rhinoceros horns.

    s. On or about November 16, 2010, SLATTERY deposited a bank check for $12,500, into his Bank of America checking account at branch in Flushing, New York.

    t. On or about November 16, 2010, SHERIDAN deposited a bank check for $25,000, into his Bank of America checking account at a branch in Flushing, New York.

    u. On or about November 16, 2010, the Defendants departed the United States.

   v.   On or about December 21, 2010, New York Buyer sent SLATTERY an email stating in part "Hi John, I have been back in New York for a week, I am still waiting for more horn information. Are you coming to New York soon, with all 'horn image and info.'"

   w.   On or about December 21, 2010, SLATTERY sent New York Buyer an email from email account "johnslattery42@gmail.com" stating in part "January I will be back. If that is good, we can set up a date. Please send me your cell number, because I lost my phone with all my contacts."

   x.   On or about December 22, 2010, New York Buyer sent an email to SLATTERY at email account "johnslattery42@gmail.com" providing New York Buyer's cellphone number and stating in part "Call me when you get here."

   y.   On or about January 4, 2011, Michael Slattery, Jr., sent an email from email account "slatteryslattery@gmail.com" to New York Buyer with a subject line "Horn" attached to which was a photograph of ten horns from both Black and White species of rhinoceros.

   z.   On or about January 11, 2011, the Defendants retrieved two pairs of horns from Black rhinoceros from the Missouri Auction House.

   (Title 18, United States Code, Section 371)

## COUNT TWO
(Illegal Wildlife Trafficking – Lacey Act)

14.   The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

15.   On or about November 16, 2010, within the Western District of Texas and elsewhere, the Defendants JOHN SLATTERY and PATRICK SHERIDAN, together with others,

8

did knowingly engage in conduct involving the transport and sale of wildlife having a market value in excess of $350, knowing that said wildlife had been sold and received in violation of the Endangered Species Act, specifically: Defendants JOHN SLATTERY and PATRICK SHERIDAN, acting with others, transported from Texas to New York and sold four horns from endangered Black rhinoceros with a market value of greater than $350, knowing that the endangered horns had been sold and received in interstate and foreign commerce and in the course of a commercial activity in violation of Title 16, United Sates Code, Section 1538(a)(1)(E) and (F).

(Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(B); and Title 18, United States Code Section 2)

## COUNT THREE
(False Wildlife Document – Lacey Act)

16. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as if fully set forth in this paragraph.

17. On or about and between September 23, 2010, and November 16, 2010, within the Western District of Texas and elsewhere, the Defendants JOHN SLATTERY and PATRICK SHERIDAN, together with others, knowingly engaged in an offense that involved the purchase of wildlife with a market value greater than $350.00, that is, Black rhinoceros horns, and did knowingly make, cause to be made, and aided and abetted in the making of, and did submit, a false record and account thereof, knowing said horns were intended to be and were transported in interstate and foreign commerce, specifically: Defendants JOHN SLATTERY and PATRICK SHERIDAN, together with others:

(a) caused the Endangered Species Bill of Sale provided by the Texas Auction House on September 23, 2010, to falsely state that Straw Buyer was the buyer of one

Black rhinoceros mount and that the buyer is a current resident of the State of Texas and has no intention of participating in any form of interstate commerce involving the mount, when in truth and in fact, as the Defendants well knew, the Defendants were the purchasers of the mount; they were not residents of Texas; and they intended to transport the mount from Texas to New York and sell it; and

(b) modified the Endangered Species Bill of Sale they and others received for the purchase of the Black rhinoceros mount from the Auction House to (1) falsely state that "2 Black rhinoceros mounts" were purchased on "August 14, 2010," when, in truth and in fact, as the Defendants well knew, only one mount was purchased on that date; and (2) add a "U.S. Fish & Wildlife Service" emblem on the Endangered Species Bill of Sale to falsely portray the document as an official document issued by the U.S. Fish and Wildlife Service, said horns having been and being intended to be transported in interstate and foreign commerce.

(Title 16, United States Code, Sections 3372(d)(2) and 3373(d)(1)(A); and Title 18, United States Code Section 2)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWO AND THREE

18. The United States hereby gives notice to the Defendants that upon his conviction of any offense charged in Counts Two and/or Three, the Defendants shall forfeit to the United States pursuant to Title 16, United States Code, Sections 3374(a)(1) and 3374(a)(2), which require any person convicted of such offenses to forfeit (a) all wildlife imported, exported, transported, sold, received, acquired, or purchased in violation of Title 16, United States Code, Section 3372; and (b) all vessels, vehicles, aircraft, and other equipment used to aid in the

importing, exporting, transporting, selling, receiving, acquiring, or purchasing of wildlife in violation of Title 16, United States Code, Section 3372.

A TRUE BILL

*SEALED DOCUMENT PURSUANT TO E-GOVERNMENT ACT OF 2002*

_____
FOREPERSON

ROBERT PITMAN
UNITED STATES ATTORNEY

By: _____
GARY DONNER
Trial Attorney
Environmental & Natural Resources

By: _____
GREGORY S. GLOFF
Assistant United States Attorney

SEALED ___X___
UNSEALED_____

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**W14CR108**

DATE: __05-13-2014__   MAG CT. #_____   CASE NO. _____
COUNTY: __TRAVIS and elsewhere__

JUDGE WALTER S. SMITH, JR.
ASSISTANT U. S. ATTORNEY _____GREGORY S. GLOFF_____

DEFENDANT: __JOHN SLATTERY (1)_____   DOB: __█████__

CITIZENSHIP:   United States _____   Mexican _____   Other __Ireland_____
INTERPRETER NEEDED:   Yes _____   No __X____   Language _____

DEFENSE ATTORNEY: _____

DEFENDANT IS:   In Jail ___NO_____   WHERE: _____
                On Bond __NO_____

PROSECUTION BY:   INFORMATION _____   INDICTMENT ___X_____

OFFENSE: (Code & Description): __18 U.S.C. 371 – Conspiracy; 16 U.S.C. 3372(a)(1) & 3373(d)(1)(B) – Lacey Act-Trafficking; 18 U.S.C. 2 -- Aiding and Abetting; 16 U.S.C. 3372(d)(2) – Lacey Act-False Labeling; 16 U.S.C. 3374(a)(1) – Forfeiture__

OFFENSE IS:   FELONY ____X_____   MISDEMEANOR _____

MAXIMUM SENTENCE: __Not more than 5 years custody; $250,000 fine; $100 special assessment; not more than 3 years TSR__

PENALTY IS MANDATORY:   YES concerning:
                        Special Assessment and TSR

REMARKS:

SEALED ___X___

UNSEALED _____

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

**W14CR108**

DATE: __05-13-2014__   MAG CT. # _____   CASE NO. _____

COUNTY: __TRAVIS and elsewhere__

JUDGE WALTER S. SMITH, JR.

ASSISTANT U. S. ATTORNEY _____GREGORY S. GLOFF_____

DEFENDANT: __PATRICK SHERIDAN (2)__   DOB: ███████

CITIZENSHIP:   United States _____   Mexican _____   Other __Ireland__

INTERPRETER NEEDED:   Yes _____   No __X__   Language _____

DEFENSE ATTORNEY: _____

DEFENDANT IS:   In Jail __NO__   WHERE: _____
                On Bond __NO__

PROSECUTION BY:   INFORMATION _____   INDICTMENT __X__

OFFENSE: (Code & Description): __18 U.S.C. 371 – Conspiracy; 16 U.S.C. 3372(a)(1) & 3373(d)(1)(B) – Lacey Act-Trafficking; 18 U.S.C. 2 -- Aiding and Abetting; 16 U.S.C. 3372(d)(2) – Lacey Act-False Labeling; 16 U.S.C. 3374(a)(1) – Forfeiture__

OFFENSE IS:   FELONY __X__   MISDEMEANOR _____

MAXIMUM SENTENCE: __Not more than 5 years custody; $250,000 fine; $100 special assessment; not more than 3 years TSR__

PENALTY IS MANDATORY:   YES concerning:
                        Special Assessment and TSR

REMARKS: